# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TYQUAN STEWART, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RAVENSCROFT BEAUTY ) <br> COLLEGE et al. ) <br> ) <br> Defendants. ) | CAUSE NO.: 1:17-CV-274-TLS |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Tyquan Stewart's Motion to Proceed in forma pauperis [ECF No. 2], filed June 29, 2017. The Plaintiff filed a Complaint [ECF No. 1] against Defendants Ravenscroft Beauty College and Magdalene (an employee or owner) alleging that the Defendants denied him the opportunity to attend the vocational school. For the reasons set forth below, the Plaintiff's Motion is DENIED, and the Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

But the inquiry does not end there. District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Plaintiff alleges that "[b]etween the months of" October 2015 and November 2015, the Plaintiff "attempted to start" school at Ravenscroft Beauty College. (Compl. 2, ECF No. 1.) The Plaintiff alleges that he spoke with an individual named Magdalene and informed her that he was recently released from prison and suffered from mental illness. (*Id.*) The Plaintiff alleges

that Magdalene became defensive and started yelling that she knew a police officer "who would inform her on who she should let in her school." (*Id.*) The Plaintiff further alleges that "she told [him] about a young man who applied and because of this police officer she didn't let him in" and that "she treated [him] different[ly] because of [his] mental illness." (*Id.*) The Plaintiff alleges that "Magdalene made numerous appointments for [him] to start[,] only to send [him] away after [his] arrival." (*Id.*)

The Plaintiff alleges that the Defendants violated the Americans with Disabilities Act. (*Id.*) The Plaintiff alleges that as a result of this violation, he attempted suicide. (*Id.*) He seeks damages for pain and suffering and emotional distress. (*Id.* at 2.)

First, the Plaintiff has not stated a claim under the ADA. The Plaintiff has not set forth factual allegations that show that the school admissions application or application process discriminated against him or failed to accommodate him because of his alleged disability. *See generally*, *Ganden v. National Collegiate Athletic Association*, No. 96 C 6953, 1996 WL 680000, at *6–13 (N.D. Ill. Nov. 21, 1996). Furthermore, the Plaintiff does not make a showing that he applied to Ravenscroft, and was thereafter rejected. Here, the Plaintiff merely alleges that he "attempted to start school" at Ravenscroft and had numerous appointments to start, which were canceled when he arrived.

Liberally construing the Plaintiff's Complaint, even if he had been accepted, the Plaintiff also does not show that he paid tuition to attend the school, or that he applied for, and received, financial aid. If the Plaintiff had an appointment to start that was canceled, he would have been required to apply and tender tuition. Because the Plaintiff hasn't made a showing that his application was rejected by the school, or that if his application was accepted, that he tendered

3

tuition and was prohibited from attending class because of his mental illness, the Plaintiff has not made a claim upon which relief may be granted.

The Plaintiff's Amended Complaint thus does not "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis. Inc.*, 657 F.3d 496, 502 (7th Cir. 2011). Even with the relaxed standards that apply to pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Complaint does not set forth factual allegations that raise the Plaintiff's right to relief above the speculative level. Thus, the Plaintiff's allegations do not give "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Given the aforementioned, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until October 6, 2017, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). When drafting his amended complaint, the Plaintiff must state all of the key facts. Along with an amended complaint, the Plaintiff must also file a new Petition to Proceed Without Prepayment of Fees and Costs *or* pay the filing fee. If the Plaintiff does not file an amended complaint by October 6, 2017, the Court will direct the Clerk of Court to close this case.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** the Complaint [ECF No. 1] and **DENIES** the Plaintiff's Motion for Leave to Proceed in forma pauperis [ECF No. 2]. The Court **GRANTS** the Plaintiff until October 6, 2017, to file an

amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee.

SO ORDERED on August 28, 2017.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT